**STATE of Minnesota, Appellant,**

**v.**

**Roger W. LOVELESS, Respondent.**

**No. CX–88–475.**

Court of Appeals of Minnesota.

July 12, 1988.

Review Granted Aug. 31, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James A. Terwedo, Scott County Atty., Thomas J. Harbinson, Asst. Co. Atty., Shakopee, for appellant.

Scott E. Mattox, Eagan, C. Paul Jones, State Public Defender, Susan J. Andrews, Asst. Public Defender, St. Paul, for respondent.

Heard, considered and decided by SHUMACHER, P.J., and FOLEY and FORSBERG, JJ.

## OPINION

FOLEY, Judge.

The State of Minnesota appeals an order of the district court of Scott County, which ruled that it was without authority to order the release of the records of respondent Roger W. Loveless from the district court in Hubbard County. We reverse.

### FACTS

Loveless was charged by complaint dated December 18, 1987, with two counts of criminal sexual conduct in the first degree. The state gave Loveless *Spreigl* notice on December 23, 1987, and on January 4, 1988. Both *Spreigl* notices involved prior incidents of criminal sexual conduct allegedly committed by Loveless while he was a juvenile.

On February 25, 1988, the state formally moved the court for an order pursuant to Minn.R.Juv.Ct. 34.02 allowing release of Loveless' juvenile record and police reports. The trial court denied this motion because it was uncertain whether it had the authority to order another district court to release records and because

> the Court in Hubbard County and the County Attorney there are in the best position to determine whether or not the kind of standards set out in the rules and the statutes are met and it also protects the integrity of the system if done in that way. * * * I am not making this ruling suggesting that the County Attorney's Office does not have the right to have them if those records are obtained in a proper fashion. I just don't believe that this is the proper fashion to do it.

### ISSUE

Did the trial court err in ruling that it did not have authority to order another district court to release court records?

### ANALYSIS

Juvenile court records shall be available for inspection, copying, and release as required by statute or these rules. Minn.R. Juv.Ct. 34.02, subd. (1).

▪ Before the passage of 1982 Minn. Laws, ch. 398, the function and power of the district court were much different from what they are today. Prior to the merger of the trial bench into one court, there was separate jurisdiction for county (which included juvenile) and district courts. As a result of the merger, the county courts are now integrated into the district courts. As such, an order from one district court is effective throughout all of Minnesota.

### 1. *Statutory Analysis*

▪ Under current Minnesota law, a district court in proper cases performs the duties of a juvenile court. Two statutes give the district court original and exclusive jurisdiction to handle juvenile court

functions. Minn.Stat. § 487.191 (1986) discusses the merger with the district courts stating: "[T]here shall be one general trial court of the judicial district to be known as the district court, which shall also be a probate court." Further, Minn.Stat. § 260.021 (1986) provides "In counties now or hereafter having a population of not more than 200,000, the probate court is the juvenile court." Scott County has a population under 200,000.

The purpose of these court unification statutes is to merge the trial bench into one court of general jurisdiction. Under the merger, all judges are district court judges. The statutes also allow district court judges to have the power that formerly belonged to probate and juvenile court judges.

In Minnesota, the district court has original jurisdiction in all civil and criminal cases. Minn. Const. art. 6, § 3. An order of a district court is enforceable throughout the state. Hubbard County must release the juvenile records in response to the Scott County district court order. Otherwise, the statute and rules would be viewed in a parochial way that would run counter to the meaning and purpose of court merger.

Hence, under the statutory analysis, the trial court erred in ruling that it does not have the authority to issue an order to request the Hubbard County juvenile court to release Loveless' juvenile court records.

### 2. *Minnesota Rules of Juvenile Court Analysis*

The rule which governs the availability of juvenile court records is consistent with the statutes. Pursuant to Minn.R.Juv.Ct. 34.02, subd. 2(C), the county attorney shall have access to juvenile court records:

> Juvenile court records shall be available for inspection, release to and copying by the county attorney. However, if the matter has not had court action taken on it for over one (1) year, the court may require an ex parte showing by the county attorney that inspection, release or copying of the court records is necessary and in the best interest of the child, the

public safety, or the functioning of the juvenile court system.

This rule clearly indicates that the county attorney shall have access to juvenile records, and those records that are over one year old may require an ex parte examination by the court. The trial court in this case did not reach this point of examination; it only ruled that it did not have any authority to order juvenile records from another county. This rule further outlines when a court order is required:

> A court order is required before any inspection, copying, disclosure or release to the public of the record of a child. Before any court order is made the court must find that inspection, copying, disclosure or release is:
>
> > (i) in the best interests of the child, or
> >
> > (ii) in the interests of public safety, or
> >
> > (iii) necessary for the functioning of the juvenile court system, or
> >
> > (iv) in the interests of the protection of the rights of a victim of a delinquent act.

Minn.R.Juv.Ct. 34.02, subd. 3(B).

Once the juvenile records are obtained, the state intends to have the records made public for the limited use of a *Spreigl* hearing. After obtaining the records, the state must lay the proper foundation for the admission of the records into evidence for use at a *Spreigl* hearing, and the trial court must decide (in camera, if necessary) whether or not it shall allow the records into evidence or otherwise made public. *See* Minn.R.Juv.Ct. 34.02, subd. 3 and 34.-03.

With regard to the original authority for the Scott County district court to order the juvenile records from Hubbard County, such authority is obvious. The purpose behind the Court Reorganization Act of 1977 was to insure orderly court procedure. All records for a defendant from any county in the state are made available in the interest of judicial efficiency to any district court involving any defendant over which it has jurisdiction.

## DECISION

Reversed.